```
01
02
03
04
05
06
07                       UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
08                                 AT SEATTLE

09  LUIS ZELAYA, et al.,                )
                                        )   CASE NO. C13-0004-RSL
10          Plaintiffs,                 )
                                        )
11      v.                              )   ORDER DENYING MOTION FOR
                                        )   APPOINTMENT OF COUNSEL
12  TULALIP TRIBAL POLICE               )
    DEPARTMENT, et al.,                 )
13                                      )
            Defendants.                 )
14  _____)
```

Plaintiffs Luis Zelaya, Amy Zelaya, and Jose Espinoza, proceeding *pro se* in this civil matter, submitted a motion for appointment of counsel. (Dkt. 3.) Having reviewed plaintiffs' motion, along with the remainder of the record, the Court finds and ORDERS as follows:

(1) Pursuant to 28 U.S.C. § 1915(e)(1), this Court has the discretion to appoint counsel for indigent litigants proceeding in forma pauperis (IFP). *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -1

counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

In this case, plaintiffs do not proceed IFP and do not provide any basis for a determination that they are unable to afford counsel. (*See* Dkt. 3.) There is no basis for referral to the Screening Committee of this Court's pro bono panel given that plaintiffs do not allege any violations of their civil rights; plaintiffs raise allegations of personal injury and property damage relating to a motorcycle accident. (*See* Dkts. 1 & 3.) Finally, the Court finds neither a likelihood of success on the merits, or a showing that, in light of the complexity of the legal issues involved, plaintiffs would be unable to articulate their claims *pro se*. Accordingly, plaintiffs' motion for appointment of counsel (Dkt. 3) is DENIED.

(2)   The Clerk shall send a copy of this Order to the parties and to the Honorable Robert S. Lasnik.

DATED this <u>18th</u> day of March, 2013.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL
PAGE -2