1
2
3
4
5
6          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                     AT SEATTLE

8   _____
                                           )
9   LUIS ZELAYA, *et al.*,                 )   No. C13-0004RSL
                                           )
10                       Plaintiffs,       )
              v.                           )   ORDER GRANTING DEFENDANTS'
11                                         )   MOTION TO DISMISS
    TULALIP TRIBAL POLICE DEPARTMENT,      )
12  *et al.*,                              )
                                           )
13                       Defendants.       )
    _____)

14
        This matter comes before the Court on defendants' "Motion to Dismiss." Dkt. # 9.
15
Having reviewed the memoranda submitted by the parties, the Court finds as follows:
16
        This action arises out of a motor vehicle accident occurring in Lake Stevens,
17
Washington, between plaintiff Jose Espinoza and defendant Ronald Perry, a Tulalip Police
18
Officer. Although defendants have not raised a colorable or plausible argument that tribal
19
jurisdiction exists, they have asserted both sovereign immunity to and lack of subject matter
20
jurisdiction over plaintiffs' claims. Plaintiffs, who have the burden of establishing that the
21
Tulalip Tribe waived its sovereign immunity (U.S. v. Park Place Assocs., Ltd., 563 F.3d 907,
22
924 (9th Cir. 2009)), and the factual basis for the exercise of diversity jurisdiction in this case
23
(Drake v. Obama, 664 F.3d 774, 779 (9th Cir. 2011)), have not responded to these arguments
24
either in their memorandum or their First Amended Complaint.
25
26
ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS

For all the foregoing reasons, defendants' motion to dismiss (Dkt. # 9) is GRANTED insofar as plaintiffs have not established that the Tulalip Tribe waived its sovereign immunity or that this Court has subject matter jurisdiction over plaintiffs' claims.[1]  The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiffs.

Dated this 15th day of May, 2013.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Leave to amend is not appropriate in this case.  Defendants' clearly raised issues that could have and should have been addressed in opposition to the motion to dismiss or in the First Amended Complaint.  Plaintiffs made no attempt to provide facts or legal authority to overcome the immunity and jurisdictional arguments raised by defendants, and there does not appear to be any reason to authorize further amendment of the complaint.

ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS                              -2-